PEOPLE *v*. HAHN.

1. CRIMINAL LAW—ASSAULT WITH INTENT TO KILL—EVIDENCE
   —SUFFICIENCY—CONVICTION OF LESSER OFFENSE.
   In a prosecution for assault with a dangerous weapon
   with intent to kill and murder, under the provisions of
   3 Comp. Laws 1915, § 15228, evidence *held*, sufficient to
   carry the case to the jury and to sustain a verdict of
   guilty of felonious assault.

2. SAME—TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.
   Where the evidence shows that defendant shot one S.
   while intending to shoot one M., a watchman in the
   railroad yards, a request to charge that there was no
   evidence to show that M. was an officer authorized to
   carry a gun was properly refused, since it was based
   upon an immaterial matter.

3. SAME—REQUESTED INSTRUCTION NOT SUPPORTED BY EVIDENCE.
   A request to charge that if M. threatened to shoot de-
   fendant, and defendant was in fear he would carry his
   threat into execution he would be justified in using such
   means as would, in his judgment, protect himself, was
   properly refused because there was no evidence to sup-
   port it, and also because defendant testified that he did
   not shoot a revolver at all at the time and place charged.

4. TRIAL—ARGUMENT OF PROSECUTOR—IRRELEVANT ARGUMENT—
   HARMLESS ERROR.
   Argument of the prosecuting attorney that police officers
   work from 24 to 48 hours, while apparently irrelevant,
   *held*, not prejudicial error.

5. SAME—DEFAMING DEFENDANT'S WITNESSES—MISCARRIAGE OF
   JUSTICE.
   A statement by the prosecuting attorney, referring to one
   of defendant's witnesses as "a liar and a crook, who
   has heretofore been convicted," while not justified by the
   evidence showing that witness had been arrested, and
   convicted once, had served a year in prison and been
   paroled, *held*, not reversible error, in view of 3 Comp.

Laws 1915, § 14565, since it cannot be said that the error resulted in a miscarriage of justice.

6. CRIMINAL LAW—TRIAL—INSTRUCTIONS—LESSER OFFENSES.
   An instruction that "if the defendant assaulted the complaining witness with a dangerous weapon, but without intent to commit the crime of murder, and without intent to inflict great bodily harm less than the crime of murder, and is not guilty of either of the larger offenses which I have described, then he would be guilty of felonious assault," *held*, not erroneous, where given in connection with the court's explanation of the lesser offenses, viz., assault with intent to do great bodily harm less than the crime of murder, felonious assault, assault and battery or simple assault.

7. SAME—TRIAL—INSTRUCTIONS—ADMISSIONS—APPEAL AND ERROR.
   Language in an instruction "that the assault, the shooting if there was any, and I think it was admitted that there was a shooting, was with the intent of committing the crime of murder," having reference to what it was necessary to prove to warrant a conviction of the offense charged, that is, assault with intent to commit the crime of murder, *held*, not erroneous; it being undisputed that a gun was fired and a man wounded, although defendant denied doing the shooting.

8. SAME—TRIAL—INSTRUCTIONS—ERRORS OF JURY—APPEAL AND ERROR.
   An objection to an instruction that "the errors of the court may be corrected by an appeal, as you understand, but the errors of a juror may not be," is without merit, since it probably is true that the errors of the court may be corrected by an appeal, but the errors of a jury may not be in some instances, and it was in connection with the duty of the jury that the language was used.

9. SAME—WITNESSES—DEFENDANT'S TESTIMONY IN HIS OWN BEHALF—WEIGHT FOR JURY.
   It was not error for the trial judge, in his instructions to the jury, where defendant had taken the stand in his own behalf, to call their attention to the fact that defendant was charged with a very serious offense and that they should remember the temptation there would be to him, if guilty, to tell such story, whether true or false,

as would best conserve his own interest, when taken in connection with the rest of the charge on that subject.

10. APPEAL AND ERROR—MISCARRIAGE OF JUSTICE—STATUTES.
Where it cannot be said that the error complained of has resulted in a miscarriage of justice, it is the duty of this court, under the provisions of 3 Comp. Laws 1915, § 14565, to affirm the judgment of the court below.

Error to recorder's court of Detroit; Wilkins (Charles T.), J. Submitted April 15, 1921. (Docket No. 127.) Decided June 6, 1921.

John Hahn was convicted of a felonious assault, and was sentenced to imprisonment for not less than 18 months nor more than 3 years in the Detroit house of correction. Affirmed.

*Thomas L. Dalton* (*Frederick P. Hempel,* of counsel), for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *John V. Brennan,* Assistant Prosecuting Attorney, for the people.

STONE, J. The defendant was convicted in the recorder's court for the city of Detroit of a felonious assault, and was sentenced. He has brought the case here for review upon writ of error. The information charged the defendant with an assault with a dangerous weapon, to wit, a revolver, upon one John Sczpeniek in the city of Detroit, on December 14, 1919, with intent to kill and murder the said Sczpeniek. He was convicted as above stated of a felonious assault under the provisions of section 15228, 3 Comp. Laws 1915. There was direct and positive evidence tending to show that the defendant shot said Sczpeniek in the right shoulder with a revolver while intending to shoot one William McLaughlin, a watchman in the yards of the Michigan Central Railroad Com-

pany in said city. There was also evidence of admissions of defendant that he fired the shot. This evidence was contradicted by the defendant, who testified that he did not shoot at all on that occasion. It is sufficient to say that there was enough evidence to carry the case to the jury, and to sustain the verdict. Upon the trial there were several objections and exceptions on the part of counsel for defendant relating to the introduction of evidence, upon which error is assigned. We have examined the record with care upon this branch of the case and are of the opinion that no prejudicial error was committed by the trial court. Many of the questions related to purely collateral matters, that were not at all controlling of the case. The defendant requested the court to charge the jury as follows:

"(1) I charge you that there is no evidence in this case showing that McLaughlin was an officer authorized to carry a gun.

"(2) I charge you that if the witness McLaughlin threatened to shoot the defendant, and the defendant was in fear he would carry his threat into execution, he would be justified in using such means as would, in his judgment, protect himself."

Both of these requests were refused. The first request was properly refused because it was upon an immaterial matter. The second request was properly refused because there was no evidence to support it and also because of the fact that the defendant testified that he did not shoot a revolver at all, at the time and place charged.

The sixth assignment of error is that the court erred in allowing the prosecuting attorney, over the objection of counsel for defendant, to argue to the jury: "Police officers work from 24 to 48 hours at a stretch." The seventh assignment of error is that it was error to allow the prosecuting attorney to make

the statement referring to defendant's witness Edward Miller: "Edward Miller, a liar and a crook, who has heretofore been convicted." The eighth assignment of error is to the effect that the court erred in permitting the prosecuting attorney to continue that line of argument and in permitting him to ask the following question of counsel for defendant, and to answer it himself: "Can you answer that, Dalton? Not by a minute, and you know it." Ninth, that the court erred in permitting the prosecuting attorney, during his argument to the jury, to refer to, and mention the salaries of police officers and the salary paid him as prosecuting attorney.

The tenth assignment of error is to the effect that the court erred in its charge to the jury in the use of the following language:

"If the defendant assaulted the complaining witness with a dangerous weapon, but without intent to commit the crime of murder, and without intent to inflict great bodily harm less than the crime of murder, and is not guilty of either of the larger offenses which I have described, then he would be guilty of felonious assault."

The eleventh assignment of error relates to the following language used in the charge:

"That the assault, the shooting, if there was any, and I think it was admitted that there was a shooting, was with the intent of committing the crime of murder."

Twelfth, that the court erred in charging the jury as follows:

"The errors of the court may be corrected by an appeal, as you understand, but the errors of a juror may not be."

The thirteenth assignment of error complains of the following language in the charge:

"You must also bear in mind the situation in which he is placed when he is testifying before you, that is, that he stands here charged with a very serious offense, and you should remember the temptation there would be to him, if guilty, to tell such story whether true or false, as will best conserve his own interest."

The assignments of error numbers six to nine, inclusive, are discussed by counsel together, and it is the claim of the appellant that he was prejudiced by the language used and the following cases are cited: *People* v. *Huff,* 173 Mich. 620, 627; *People* v. *Cahill,* 147 Mich. 201, 203; *People* v. *Lieska,* 161 Mich. 630, 637, and similar cases.

It will be noted that all the cases cited above were decided before Act No. 89, of the Public Acts of 1915 (3 Comp. Laws 1915, § 14565), became the law of this State. It is difficult to understand what the prosecuting attorney meant when he alluded to the fact that police officers worked 24 to 48 hours at a stretch. It seems to have been entirely an irrelevant matter. Counsel for defendant evidently understood that it had a bearing upon the high character of the witnesses, but that seems to us to be a forced construction, and in any view of the case we fail to see wherein it could prejudice the rights of the defendant. The most serious of these complaints is the allusion to the defendant's witness Edward Miller, who is characterized as "a liar and a crook," etc. The evidence in the record shows that this witness testified that he had been arrested and convicted once, and served a year in Jackson, when he was released on parole, but that did not justify the language used. That and the following allusion to defendant's counsel are complained of, principally, upon this branch of the case. We do not think these matters are of sufficient magnitude, however, in view of our recent statute, to warrant a reversal of the case in the light

of this record. We find no allusion by the prosecuting attorney to salaries of officers.

The court in its charge to the jury discussed the offense charged in the information, and called their attention to the fact that if they did not find the defendant guilty of the main offense, then, if the evidence warranted, he might be convicted of one of several lesser offenses, to wit: Assault with intent to do great bodily harm less than the crime of murder. Felonious assault. Assault and battery, or simple assault. And it was in connection with that subject that the court used the language complained of in the tenth assignment of error.

The language complained of in the eleventh assignment of error had reference to what it was necessary to prove to warrant a conviction of the offense charged, that is, assault with intent to commit the crime of murder. This language was preceded by the following:

"You must be satisfied also, second: That the defendant at the bar committed the assault, that is, that he did the shooting. Also third: That the assault was committed in the city of Detroit."

Then follows the language complained of in the eleventh assignment of error. It is true that there was no question of "a shooting," because it was undisputed that a gun was fired and the man, Sczpeniek, was shot in the right shoulder. It is true that defendant denied that he did the shooting.

We find no merit in the twelfth assignment of error. It probably is true that the errors of the court may be corrected by an appeal, but the errors of a jury may not be in some instances, and it was in connection with the duty of the jury that this language was used.

The language complained of in the thirteenth assignment of error is only a part of what the court

said upon the subject of the defendant having testified in his own behalf. In that connection the court said:

"Now, in this case the defendant has taken the stand in his own behalf. He has a right to have his testimony tested the same as that of any other witness. If it is rational, natural and consistent with the other facts as you determine them to be, it may outweigh all the other testimony in the case or at least cause to exist in your mind a reasonable doubt, where otherwise such doubt might not exist. At the same time, when I say he is entitled to have his testimony tested the same as that of any other witness, you must also bear in mind the situation in which he is placed when he is testifying before you, that is: that he stands here charged with a very serious offense; and you should remember the temptation that there would be to him, if guilty, to tell such story, whether true or false, as will best conserve his own interest. However, gentlemen, that is all for your consideration, you are judges of the facts; you are to apply your common sense to all the facts in the case. Of course, when considering the defendant's testimony, as when considering all the other evidence in the case you should remember what I think has been given to you very often as a rule of law; that the presumption of innocence attaches to the defendant. No defendant is obliged to prove his innocence; the people must prove his guilt beyond a reasonable doubt. That presumption of innocence attaches to the defendant at the outset of the case; it remains with him all through the taking of testimony in the case and all through your deliberation, unless and until it is removed by such evidence as satisfies you of guilt beyond a reasonable doubt."

In the recent case of *People* v. *Williams*, 208 Mich. 586, at p. 593, alluding to the subject of the defendant having testified, we used language which we think is applicable here, as follows:

"We cannot say that the charge as given by the trial court was erroneous. That a defendant, in a criminal case, has an interest in the outcome of the

trial goes without saying." See, also, *People* v. *Wassmus, ante*, 42.

In *People* v. *Warner*, 201 Mich. at p. 553, we alluded to the undoubted intent of the legislature in amending section 15228, above referred to.

We have considered this record carefully and are of the opinion that none of the errors complained of has resulted in a miscarriage of justice. We think the case is a proper one for the application of Act No. 89, Pub. Acts 1915, above alluded to. That act reads as follows:

"No judgment or verdict shall be set aside or reversed, or a new trial be granted by any court of this State in any case, civil or criminal, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless, in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

Applying this rule, we deem it our duty to affirm the judgment of the court below, and the same will stand affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.