PEOPLE v. SCHWITZKE.

1. CRIMINAL LAW—CHARGE CONSIDERED IN ITS ENTIRETY.
   A charge to the jury in a criminal case must be considered in its
   entirety in determining whether or not it is prejudicial to a
   defendant.

2. SAME—NEW TRIAL.
   A new trial will not be granted in a prosecution for crime where
   the jury could not have been misled by the charge when con-
   sidered as a whole.

3. SAME—INSTRUCTIONS—ADMONITION.
   In prosecution for assault with intent to commit rape where
   charge given contained some general admonition as to jury's
   duty to assist in enforcement of the criminal laws that might
   have been misinterpreted and thereby become prejudicial,
   where it was obviated by the immediately following portion
   of the charge relating to hastily finding an innocent man
   guilty, reversible error because of a misleading charge did
   not result (3 Comp. Laws 1929, § 17354).

Appeal from St. Clair; Stewart (Shirley), J.
Submitted October 18, 1946. (Docket No. 83, Cal-
endar No. 43,389.) Decided December 2, 1946.

John Schwitzke was convicted of assault with
intent to commit rape. Affirmed.

*Smith & Smith,* for appellant.

*Foss O. Eldred,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, *Daniel J. O'Hara,* As-
sistant Attorney General, and *Fred George, Jr.,*
Prosecuting Attorney, for the people.

North, J. On March 28, 1944, defendant Schwitzke was convicted and sentenced in the St. Clair county circuit court for the crime of assault with the intent to commit rape. It will serve no purpose to recite the facts leading up to the arrest. As is often true in this type of case, the testimony was highly conflicting and there was little or no testimony corroborating that of the people's principal witness or the testimony of defendant who took the stand in his own behalf. It is not claimed that the testimony did not present an issue of fact as to defendant's guilt. Instead this appeal by defendant is based solely on alleged error of the trial judge by including the following in his charge to the jury:

"Before sending you to the jury room to consider this case, there is a final instruction as to your duty you should have constantly in mind. This instruction does not in any way indicate the personal opinion of the court, nor should you consider it as being more favorable to one side than to the other. The safety of communities, which the law is designed to secure, can only be realized by its faithful execution. There is an imperative necessity for the prompt arrest of persons accused and a thorough and impartial trial to ascertain their guilt or innocence. Enforcement of criminal laws in a manner most conducive to the public welfare depends in a very important sense on the fidelity, intelligence and moral courage of the jurors on whom devolves the duty of deciding upon testimony the truth of every criminal accusation. If through want of judgment, or by failing to appreciate the relation of their duties to the general good, or if through extreme sensibility in view of the possible consequences of a conviction to the prisoner they acquit the guilty, the laws against crime are thereby in a measure suspended. Such mistakes would be an evil example to the whole class of men inclined to crime."

While it is true that the philosophy contained in the above, although correct, might under some circumstances be misinterpreted by a jury and thereby become prejudicial, yet any such misunderstanding would be, and in the instant case was, obviated by the immediately following portion of the charge which was:

"On the other hand, if through inattention to the testimony, or by a more or less precipitant judgment a jury pronounces an innocent man guilty, the wrong is no less serious. There is, therefore, no escape from a grave responsibility."

This Court has repeatedly stated that a charge to a jury must be considered in its entirety in determining whether or not it is prejudicial to a defendant, and that a new trial will not be granted where a jury could not have been misled by the charge as a whole.

"Where the charge of the judge to which exception is taken is not strictly correct, but the court can clearly see that the jury could not have been misled by it, to the injury of the party excepting, a new trial will not be granted for that error." *People* v. *Scott* (syllabus), 6 Mich. 287.

See, also, *People* v. *Marble,* 38 Mich. 117, 125, and 3 Comp. Laws 1929, § 17354 (Stat. Ann. § 28.1096).

The conviction and sentence are affirmed.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. DETHMERS, J., did not sit.