PEOPLE *v* DEWITT.

1. CRIMINAL LAW—BREAKING AND ENTERING—LARCENY—CROSS-EX-
   AMINATION—INNUENDO.
   Questions by prosecutor in cross-examination of defendant charged
   with breaking and entering a dwelling in the daytime and
   larceny in a building, as to why he had taken 11-year-old
   daughter of friend with him when he did the acts charged,
   *held,* not such as would permit a jury to draw improper in-
   ferences, as against contention that such line of questioning
   carried improper innuendo (CL 1948, §§ 750.111, 750.360).

2. SAME—BREAKING AND ENTERING—LARCENY—CROSS-EXAMINATION
   —ASSAULT—AGE OF VICTIM.
   Question by prosecutor in cross-examination of defendant charged
   with breaking and entering in the daytime and larceny in a
   building, as to whether victim of assault with intent to do
   great bodily harm less than murder of which defendant had
   been convicted was, or could have been, 81 years old, after
   defendant admitted conviction of "assault" and, on being
   asked age of victim, replied "50 some," *held,* not reversible
   error (CL 1948, §§ 750.111, 750.360).

3. SAME—INSTRUCTIONS—BREAKING AND ENTERING—LARCENY.
   Charge to jury in prosecution for breaking and entering in the
   daytime and for larceny in a building *held,* upon examination
   of entire charge, to be fair, unbiased and adequate (CL 1948,
   §§ 750.111, 750.360).

Appeal from Kalamazoo; Fox (Raymond W.), J.
Submitted Division 3 March 10, 1966, at Grand
Rapids.  (Docket No. 1,174.)   Decided September
27, 1966.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 459.
    42 Am Jur, Prosecuting Attorneys § 20.
[3] 13 Am Jur 2d, Burglary § 67 *et seq.*
    32 Am Jur, Larceny §§ 153, 154.

Henry Lincoln DeWitt was convicted of breaking and entering a dwelling in the daytime with intent to commit larceny therein and of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, *James L. Shonkwiler, Jr.,* Assistant Prosecuting Attorney, for the people.

*David G. Crocker,* for defendant.

J. H. Gillis, J. Defendant was convicted on May 1, 1964, in a jury trial of breaking and entering a dwelling in the daytime with intent to commit larceny therein and larceny in a building.[*]

The defendant went to a realtor and advised him that he desired to either rent or buy a house. The realtor showed him a furnished home which was owned by a man who was then residing in the State of Florida. The defendant was told that the house could be purchased with a $750 down payment. The defendant asked the realtor to see if he couldn't get the owner to accept a smaller down payment in the amount of $500. No down payment was tendered by the defendant to the realtor. A few days later the defendant accompanied by a friend's 11-year-old daughter went to the unoccupied home shown to him by the broker, entered and removed therefrom a chair which he placed in the trunk of his automobile. Subsequently, the defendant was arrested and charged in a two-count warrant and information. Defendant testified at trial and alleged that he thought that a "deal" had been made on the house, including the furnishings contained therein.

[*] CL 1948, §§ 750.111, 750.360 (Stat Ann 1962 Rev § 28,306, Stat Ann 1954 Rev § 28.592).

On appeal, defendant raises three issues, the first two of which pertain to the prosecuting attorney's method and manner of questioning him and the last pertains to the charge of the court to the jury.

The prosecuting attorney questioned the defendant as to why he had taken the 11-year-old daughter of his friend with him. The defendant argues that improper innuendoes were raised by such question, but examination of the transcript fails to disclose to this Court that a jury would draw any improper inferences from this line of questioning.

Defendant was also cross-examined on his previous convictions. One conviction was for the crime of assault with intent to do great bodily harm less than murder. The prosecutor asked the defendant if the man whom he assaulted was, or could have been, 81 years old. This questioning came after the defendant had stated, in relation to this crime, that he was convicted of "assault." The prosecutor, in an apparent attempt to clarify the crime, first asked the age of the victim and only after the defendant had approximated the age at 50 some, did the prosecutor ask the question here complained of. Under this record such a cross-examination is not reversible error.

The third complaint of the defendant deals with the court's charge. An examination of the entire charge of the court discloses that the charge was fair, unbiased and adequate.

Affirmed.

FITZGERALD, P. J., and BURNS, J., concurred.