PEOPLE *v.* LEONARD E. SMITH

1. TRIAL—REBUTTAL—TESTIMONY—DISCRETION.
   Reception of testimony in a criminal case on rebuttal which should have been offered on direct examination is within the discretion of the trial court unless its discretion is abused to the prejudice of the defendant.

2. SAME—REBUTTAL—TESTIMONY—PREJUDICE.
   Admission on rebuttal in a prosecution for armed robbery of a public vehicle license which defendant cab driver admitted on his cross-examination that he had forged *held* not a prejudicial abuse of discretion, since the evidence only expanded upon or supported previously admitted testimony.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 269; 53 Am Jur, Trial § 129.
[3, 4] 5 Am Jur 2d, Appeal and Error § 623.

3. SAME — INSTRUCTIONS TO JURY—OBJECTION — PRESERVING QUESTION.

A defendant in a criminal case who was afforded an opportunity to object to instructions to the jury before it retired, but did not object, is precluded from claiming an error based on the trial judge's failure to give an instruction (GCR 1963, 516.2).

4. APPEAL AND ERROR—INSTRUCTIONS TO JURY—MANIFEST INJUSTICE.

The Court of Appeals may note and correct instructions to the jury which err with respect to basic and controlling issues in a case to prevent manifest injustice, even though no objection was made before the jury retired, but the corrective power will be sparingly exercised by the court.

Appeal from Macomb, Noe (Alton H.), J. Submitted Division 2 October 3, 1968, at Detroit. (Docket No. 3,952.) Decided December 23, 1968.

Leonard E. Smith was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *George N. Parris*, Prosecuting Attorney, *Thaddeus F. Hamera*, Chief Appellate Lawyer, and *Don L. Milbourn*, Assistant Prosecuting Attorney, for the people.

*John J. Murray*, for defendant.

McGREGOR, J. A jury found Leonard E. Smith guilty of armed robbery. CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797). He appeals, claiming the trial court erred in allowing the prosecution, under the guise of impeachment, to place in evidence during cross-examination evidence which the prosecutor deliberately withheld from the case in chief, in order to confuse the defendant. Defendant also asserts that the trial court erred in an instruction to the jury regarding their failure to perform their duty.

On January 31, 1967, the complaining witness left a Detroit hotel and hired a Checker Cab; as the cab approached the witness' home, the driver stopped the cab and with the use of a revolver robbed the complaining witness. Afterwards, the witness contacted the police, recalled the cab's license plate number, identified the defendant from police photos, and later identified the defendant in a lineup. At trial, the victim provided the only substantial and material evidence of defendant's guilt. As a witness in his own behalf, defendant denied his guilt, but admitted a prior criminal conviction. On cross-examination as to his employment during the previous four years, defendant omitted any reference to Checker Cab, but, upon further questioning, he admitted employment with Checker Cab on a previous occasion. Defendant also testified that he did not procure a public vehicle license in behalf of Checker Cab in 1967. Afterwards, however, he admitted that he had a purported Checker Cab license in his possession which he had forged. Defendant's attorney did not object to the admission of defendant's testimony into evidence, but he did object to the admission of the license into evidence as an exhibit. When the prosecution indicated that the license was sought to be admitted only for the purpose of affecting defendant's credibility, defendant's attorney said he could not object to its admissibility for credibility purposes, but that he would object for any other purpose. The court then admitted the exhibit.

It is unclear on this appeal whether defendant is contending that his *testimony* on cross-examination regarding the public vehicle license was inadmissible. He did not make that contention in the lower court. Moreover, having failed to object to its admissibility during trial, defendant cannot raise the issue on appeal. *People* v. *Hallman* (1941), 299

Mich 657; *People* v. *Hicks* (1966), 2 Mich App 461; *People* v. *Willis* (1965), 1 Mich App 428. The testimony on cross-examination was properly admitted, since there is a considerable latitude of discretion imposed in the trial court regarding the cross-examination of a defendant to show his credibility. *People* v. *Gray* (1904), 135 Mich 542; *People* v. *Danenberg* (1913), 176 Mich 337; *People* v. *Winney* (1917), 196 Mich 347; *People* v. *DeWitt* (1966), 4 Mich App 297.

Defendant contends on appeal that the trial court improperly admitted the public vehicle *license* as an exhibit. His cited case [*People* v. *Cox* (1888), 70 Mich 247] holds that reception of testimony on rebuttal, which should have been offered on direct examination, is within the discretion of the trial court unless such discretion is abused to the prejudice of the defendant. While defendant claims he was prejudiced, the *Cox* decision indicates that, where the testimony in question merely expands upon or supports previously admitted testimony, there is no prejudice. Similarly in this case, the admission of the public vehicle license merely supported defendant's prior testimony, and thereby was not a prejudicial abuse of discretion. See 53 Am Jur, Trial (1945), § 129. No reversible error occurs if, upon cross-examination of defendant, an exhibit is received into evidence to show defendant's lack of veracity, and defendant's testimony on cross-examination clearly indicates that lack of veracity. *People* v. *Winney, supra.* Since defendant during the trial expressly conceded that he could not object to admission of the *exhibit* for credibility purposes and failed to object, he waived his right to raise an objection on appeal. *People* v. *Hallman, supra; People* v. *Hicks, supra; People* v. *Willis, supra.*

The defendant's second contention is that the trial court erred in its instruction to the jury regarding their duty. However, after the instruction when asked if he had any other requests to charge, the defendant's attorney replied that he had 'nothing further'. GCR 1963, 516.2 provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

As defendant was afforded an opportunity, but did not object to the instructions before the jury retired, he is now precluded from claiming an error based on the trial judge's failure to give an instruction. *People* v. *Connors* (1930), 251 Mich 99; *People* v. *Dexter* (1967), 6 Mich App 247; *People* v. *Cassiday* (1966), 4 Mich App 215; *People* v. *Mallory* (1966), 2 Mich App 359. While in unusual circumstances, and to prevent manifest injustice, this Court may note and correct instructions which err with respect to basic and controlling issues in a case, even though no objection thereto was made before the jury retired, no such error was made in this case and such correction will be sparingly exercised by this Court. *Hunt* v. *Deming* (1965), 375 Mich 581. Moreover, even if an objection to the instruction had been properly raised, the defendant's position is without merit because the instruction was proper. *People* v. *Hahn* (1921), 214 Mich 419. Nowhere did the instruction suggest, as appellant contends, that the jurors could be remiss, lax, or indifferent in performing their duties because a higher court would correct any mistakes they made. When read in their entirety, the instructions indicate no prejudicial er-

ror. *People* v. *Dye* (1959), 356 Mich 271; *People* v. *Schwitzke* (1946), 316 Mich 182; *People* v. *Smith* (1966), 3 Mich App 614. If misdirection had occurred, any alleged error did not result in a "miscarriage of justice" nor was it so gross as to deprive defendant of a fair trial requiring that the verdict be set aside or reversed. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096); *People* v. *Ritholz* (1960), 359 Mich 539; *People* v. *Hahn, supra; People* v. *Carr* (1966), 2 Mich App 222.

Affirmed.

T. G. KAVANAGH, P. J., and PHILIP C. ELLIOTT, J., concurred.