PEOPLE *v.* ALLEN JOHNSON

1. CRIMINAL LAW—INSTRUCTIONS TO JURY.

Trial court's statement in jury instruction that competent evidence was the evidence which the court had admitted and that if it had made a mistake "we have the Supreme Court" did not relieve the jury of its duty to find the facts, where the context of the instruction clearly indicated that the court's remark referred solely to decisions which the court had been required to make in the reception of evidence.

2. ROBBERY — ARMED ROBBERY — IDENTIFICATION — EVIDENCE — SUFFICIENCY.

Evidence was ample to warrant a finding that defendant was guilty of armed robbery beyond a reasonable doubt where an eyewitness, who worked in the store robbed, identified defendant as the robber even though her descriptions of the robber varied in minor details, where both she and the defendant's wife testified that before the robbery defendant had been a frequent customer in the store.

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 June 8, 1970, at Detroit. (Docket No. 6,578.) Decided July 30, 1970.

Allen Johnson was convicted of armed robbery. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 842.
[2] 46 Am Jur, Robbery §§ 45, 50 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: DANHOF, P. J., and V. J. BRENNAN and J. J. KELLEY, Jr.,* JJ.

PER CURIAM. Defendant was convicted by a recorder's court jury of armed robbery. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

The lone identifying witness was a 14-year-old girl who regularly worked in her father's grocery store. On the day in question there was a fire outside the store and the girl was left alone in the store to wait on the customers. Defendant, a frequent customer, came in to make a purchase. When the girl opened the cash register, defendant took a gun from his pocket and removed some $300 from the register.

Defendant appeals as of right claiming an error in the instructions and that the evidence did not warrant a finding of guilt beyond a reasonable doubt.

During the instructions to the jury, the court made the following remarks:

"The presumption of innocence attaches therefore to the defendant at the beginning of the trial and remains with him, or with her, throughout your entire deliberations in the jury room, and until you and each of you is convinced by competent evidence,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

—what is competent evidence? It is the evidence which the court allows in and if we make a mistake we have the Supreme Court. Competence [*sic*] evidence beyond a reasonable doubt of the defendant's guilt."

Defendant claims that the statement " * * * if we make a mistake we have the Supreme Court" relieved the jury of its duty to find facts. However, the context clearly indicates that the remark referred solely to decisions which the court had been required to make. There was no dilution of the final responsibility of the jury. *People* v. *Harris* (1889), 77 Mich 568. The comments in this case are more akin to those sanctioned in *People* v. *Hahn* (1921), 214 Mich 419. Moreover, there having been no objection to the instruction, it cannot now be assigned as error. GCR 1963, 516.2.

The girl's testimony as to the robbery was undisputed. Defendant presented only one witness, his wife, who testified in support of his claimed alibi. Identity became the only matter in dispute. Although the girl's descriptions of the defendant varied in minor details, yet both she and the defendant's wife testified that prior to the robbery the defendant had frequently been a customer of the store. The evidence was ample to warrant a finding of guilt beyond a reasonable doubt. *People* v. *Williams* (1962), 368 Mich 494.

Affirmed.