PEOPLE v DUPIE

Docket No. 56009. Argued March 6, 1975 (Calendar No. 17).—Decided December 18, 1975.

Patrick Dupie was convicted by a jury in Ontonagon Circuit Court, Donald L. Munro, J., of unarmed robbery. Defendant denied that he had beaten and robbed the complainant, and testified that the complainant fell on several occasions during an extended drinking bout and injured himself. Defense counsel did not request instructions to the jury on lesser included offenses and did not object to the instructions given. The Court of Appeals, Allen, P. J., and J. H. Gillis and Quinn, JJ., affirmed (Docket No. 16669). Defendant appeals. *Held:*

1. The Court is not persuaded that the instructions given were so deficient on the element of specific intent as to mislead the jury or leave them in doubt about their responsibility where, on several occasions during the course of giving instructions, he stated that one of the elements of unarmed robbery was the "felonious" taking of property from the person or in the presence of the complainant.

2. An allegation that the instructions on other elements of the offense of unarmed robbery were so confusing as to necessitate reversal is without merit.

3. Failure to instruct on lesser included offenses was not reversible error where defendant did not request the instructions.

4. The circuit court had jurisdiction to try the defendant, who was 17 years old when the crime was committed. He was originally charged in the circuit court, and there was no question of waiver from probate court.

REFERENCES FOR POINTS IN HEADNOTES
[1] 67 Am Jur 2d, Robbery §§ 68, 69.
[2] 75 Am Jur 2d, Trial §§ 876–882.
[3] 20 Am Jur 2d, Courts §§ 104, 148,
[4] 21 Am Jur 2d, Criminal Law § 303.
[5] 21 Am Jur 2d, Criminal Law § 226.
[6] 76 Am Jur 2d, Trial § 1061.
[7, 8] 76 Am Jur 2d, Trial § 1267.

5. Defendant's sentencing was prior to the date that the court rule provided for inspection of the presentence report; therefore, he was not entitled as a matter of right to inspect the presentence report.

6. The testimony of the complainant supplied ample evidence upon each element of the crime of unarmed robbery, thereby indicating the sufficiency of the evidence to sustain the verdict of guilt beyond a reasonable doubt.

7. The supplemental charge given the jury after the trial court learned that the jury was deadlocked was not so inherently coercive as to mandate reversal where the trial court expressed concern that the individual jurors should not "compulsively" abdicate individual judgment in favor of unanimity but rather bring in a verdict based upon "honest belief" cognizant of need for dispositional unanimity.

8. Affirmed and remanded for a hearing on the defendant's allegation that he was denied effective assistance of trial counsel because trial counsel did not call a certain witness.

Coleman, J., dissented on the question of ineffective assistance of trial counsel for failure to call the witness. A hearing was held and testimony was taken post-trial concerning the same issue, and it is not appropriate to remand for another hearing on the subject.

## Opinion of the Court

1. Robbery—Unarmed Robbery—Specific Intent—Instructions to Jury.

Instructions to the jury on the crime of unarmed robbery were not so deficient on the element of specific intent as to mislead the jury or leave them in doubt about their responsibility where, on several occasions during the course of giving instructions, the judge stated that one of the elements of unarmed robbery was the "felonious" taking of property from the person or in the presence of the complainant (MCLA 750.530).

2. Criminal Law—Instructions to Jury—Lesser Included Offenses.

Failure to instruct on lesser included offenses in a trial for unarmed robbery was not reversible error where the defendant did not request instructions on lesser included offenses.

3. Criminal Law—Circuit Court—Infants—Jurisdiction.

The circuit court had jurisdiction to try a defendant for the crime of unarmed robbery committed when he was 17 years old, where he was charged in the circuit court, and there was no

question of waiver from the probate court (Const 1963, art 6, § 13; MCLA 712A.2).

4. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Pʀᴇsᴇɴᴛᴇɴᴄᴇ Rᴇᴘᴏʀᴛ.

A defendant was not entitled as a matter of right to inspect the presentence report when he was sentenced prior to the effective date of the new court rule providing for inspection of that report (GCR 1963, 785.12).

5. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Eᴠɪᴅᴇɴᴄᴇ—Sᴜғғɪᴄɪᴇɴᴄʏ—Eʟᴇᴍᴇɴᴛs ᴏғ Cʀɪᴍᴇ.

Evidence was sufficient to sustain a verdict of guilt beyond a reasonable doubt where testimony of the complainant supplied ample evidence upon each element of the crime of unarmed robbery.

6. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Iɴsᴛʀᴜᴄᴛɪᴏɴs ᴛᴏ Jᴜʀʏ—Dᴇᴀᴅʟᴏᴄᴋᴇᴅ Jᴜʀʏ.

A supplemental charge to the jury after the trial court had learned that the jury was deadlocked was not so inherently coercive as to mandate reversal where the trial court expressed concern that individual jurors should not "compulsively" abdicate individual judgment in favor of unanimity but rather bring in a verdict based upon "honest belief" cognizant of the need for dispositional unanimity.

7. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Eғғᴇᴄᴛɪᴠᴇ Assɪsᴛᴀɴᴄᴇ ᴏғ Cᴏᴜɴsᴇʟ—Eᴠɪᴅᴇɴᴛɪᴀʀʏ Hᴇᴀʀɪɴɢ.

A case is remanded for an evidentiary hearing on whether or not there was such ineffective assistance of counsel as would entitle the defendant to a new trial where, upon appeal, defendant alleged that he was denied effective assistance of trial counsel and the record does not permit determination whether the asserted error was sufficient to warrant a new trial.

Oᴘɪɴɪᴏɴ Cᴏɴᴄᴜʀʀɪɴɢ ɪɴ Pᴀʀᴛ ᴀɴᴅ Dɪssᴇɴᴛɪɴɢ ɪɴ Pᴀʀᴛ

Cᴏʟᴇᴍᴀɴ, J.

See headnotes 1–6.

8. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Eғғᴇᴄᴛɪᴠᴇ Assɪsᴛᴀɴᴄᴇ ᴏғ Cᴏᴜɴsᴇʟ—Eᴠɪᴅᴇɴᴛɪᴀʀʏ Hᴇᴀʀɪɴɢ.

*A case should not be remanded for a post-trial evidentiary hearing on whether there was such ineffective assistance of counsel as would entitle the defendant to a new trial because one witness was not called by defense counsel to testify at trial where a hearing was held on a motion for a new trial at which testimony was taken by appellate counsel concerning trial*

*counsel's failure to call the witness and appellate counsel did not see fit to produce the witness at the post-trial hearing.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James B. Jenkins,* Prosecuting Attorney, and *Prosecuting Attorneys Appellate Service* (by *Edward R. Wilson,* Director, and *William P. Weiner),* for the people.

*Wisti & Jaaskelainen* (by *J. Kent Bourland),* for defendant on appeal.

J. W. FITZGERALD, J. Defendant was jury-tried and convicted of unarmed robbery.[1] Evidence introduced by the people at trial indicated that defendant, at the time 17 years of age, spent the late evening hours of August 25–26, 1971, in the company of complainant John Gregorich and others eating and drinking. In the morning defendant and complainant visited downtown Ontonagon where complainant, planning to go to Detroit to get on a freighter as a sailor, withdrew $215 from the bank. Defendant and complainant continued drinking at the home of defendant's mother, where they were visited by two girls. After the girls departed from the home, defendant demanded complainant's money. Complainant balked and defendant beat and kicked him. Defendant obtained complainant's wallet but did not discover $184 which was hidden in a secret compartment in the wallet. He did, however, take from $14 to $18 which complainant had not placed in the secret compartment.

Defendant denied that he had beaten and robbed the complainant, testifying that complainant fell on several occasions, injuring himself.

[1] MCLA 750.530; MSA 28.798.

Defendant's conviction was affirmed by the Court of Appeals in a short memorandum opinion.[2] We granted leave to appeal. 392 Mich 785 (1974).

Before this Court, defendant raises eight allegations of error, the most significant of which allege trial court error in rendering supplemental instructions to a divided jury and ineffective assistance of counsel. We find no instance of reversible error and affirm, remanding to the trial court for an evidentiary hearing respecting defendant's allegation that his conviction resulted from serious error of trial counsel.

I

Defendant assigns error in three respects concerning the trial court's instructions to the jury.

It is first alleged that the court did not adequately instruct on the specific intent required to be guilty of unarmed robbery. Second, it is argued that the instructions on the other elements of the offense were confusing. Defense counsel made no objection to these instructions at trial. Third, it is contended that the trial court "affirmatively excluded" lesser included offenses from the jury's consideration.

Unarmed robbery is a specific intent crime. *People v McKeighan,* 205 Mich 367; 171 NW 500 (1919). The instruction objected to as failing to adequately instruct on the specific intent element reads as follows:

---

[2] The Court of Appeals dismissed all but one of defendant's contentions upon appeal with the dispositive comment that the contentions were "without merit". While time limitation does not permit the Court of Appeals the extensive elucidation generally obtainable in this Court, descriptive construction of decisional reasoning would not only better serve the interests of justice but would also aid this Court in its supervisory capacity. *See People v Auer,* 393 Mich 667, 671; 227 NW2d 528, 530 (1975).

"You are, therefore, advised that the essential elements of robbery unarmed are: One, that the defendant by force and violence, assault, or putting in fear—two, feloniously took any property from the person of the complainant or in his presence—and three, that the defendant was not armed with a dangerous weapon."

Also, during the charge to the jury, the court instructed:

"In order to warrant a conviction under this statute, it must appear first that the defendant feloniously—without any claim or color of right—stole or took money or property, which may be the subject of larceny, from the person of the complaining witness or in his presence."

The prosecution contends that the charge adequately instructed the jury on specific intent due to the use of the term "feloniously", citing *People v Gregg,* 170 Mich 168; 135 NW 970 (1912), and 4 Gillespie, Michigan Criminal Law and Procedure (2d ed), §§ 2219, 2231. The instruction given is an almost verbatim reading of the suggested Gillespie instruction of *"Form No. 968. Instruction On Robbery Armed".* We again must caution members of the bench and bar against using the "form instructions" of Gillespie (and indeed, any other treatise) without an independent determination of the accuracy of these suggested instructions. We do not wish to be seen as stamping our imprimatur on the instruction given. Nevertheless, our responsibility as a reviewing court is limited to determining whether a defendant received a fair trial.

The charge to the jury must be considered in its entirety, and

"[w]here the charge of the judge to which exception is taken is not strictly correct, but the court can clearly

see that the jury could not have been misled by it, to the injury of the party excepting a new trial will not be granted for that error." *People v Scott* (syllabus), 6 Mich 287 (1859).

We are not persuaded that the instruction given was so deficient as to mislead the jury or to leave them in doubt about their responsibility. *People v Schwitzke,* 316 Mich 182; 25 NW2d 160 (1946).

The allegation regarding the "confusing and conflicting" instruction on the elements of the offense is also without merit.

Defendant also alleges error in the failure of the court to instruct on lesser included offenses. Defendant did not request instructions on lesser included offenses. There was no reversible error. *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975).

## II

Defendant contends jurisdiction to try him was not properly in the circuit court in light of the decision of this Court in *People v Fields,* 388 Mich 66; 199 NW2d 217 (1972), *aff'd on rehearing* 391 Mich 206; 216 NW2d 51 (1974). Defendant's argument is intricate and its suggested resolution—that jurisdiction in this case should of necessity have resided in the probate court—untenable. The facts of this case and those of *Fields* are distinguishable. Here defendant, a 17-year-old, was originally charged in the circuit court. In *Fields* defendant was under 17 years of age and the question of waiver from probate court was involved. The precise question in *Fields* was "whether the lack of standards in the [waiver] statute preclude a waiver proceeding". 388 Mich 66, 75; 199 NW2d 217, 221 (1972). No such question of waiver is here involved. Jurisdiction legally resided in the circuit

court. Const 1963, art 6, § 13; and MCLA 712A.2; MSA 27.3178(598.2). See, also, Downs, Michigan Juvenile Court; Law and Practice § 4.12.

## III

Defendant complains that his counsel was not permitted to inspect the presentence report prior to sentencing as provided in GCR 1963, 785.12 (effective Sept 1, 1973).[3] He asks that we remand for resentencing.

In *People v Martin,* 393 Mich 145; 224 NW2d 36 (1974), this Court ruled that defendants were not entitled as a matter of right to inspect the presentence report prior to the effective date of the new court rule. Defendant's sentencing occurred prior to this date.

Reviewing this record we further note that defendant's appellate counsel was afforded opportunity to review the presentence report at the hearing held on defendant's motion for new trial in the court below. The record indicates that counsel reviewed the presentence report and offered no objection to the contents thereof. Remand for resentencing is not warranted.

## IV

Defendant contends the evidence presented at trial was insufficient to permit jury determination of his guilt beyond a reasonable doubt. It has been said that the question defendant raises, properly stated, "is whether the evidence was *ample* to warrant a finding of guilty beyond a reasonable doubt of the crime charged". *People v Williams,* 368 Mich 494, 501; 118 NW2d 391 (1962), emphasis

---

[3] The passage of this court rule was anticipated by *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973).

supplied. For explication see *People v Palmer,* 392
Mich 370; 220 NW2d 393 (1974), and *People v
Howard,* 50 Mich 239; 15 NW 101 (1883), quoted
therein. The testimony of complainant John Gre-
gorich supplies ample evidence upon eaćh element
of the crime of unarmed robbery, thereby indicat-
ing the sufficiency of the evidence to sustain the
verdict of guilt beyond a reasonable doubt.

## V

Defendant argues that the following supplemen-
tal charge, given the jury after the trial court had
learned that the jury was deadlocked, was coer-
cive:

*"The Court:* All right. And it's my understanding that
there are some of you who are in favor of a not guilty
verdict, and some of you who are in favor of a guilty
verdict.

"I simply want you to understand this—that each of
you, as jurors, are charged with the responsibility of
attempting to arrive at a verdict. There's nothing com-
pulsive about your arriving at a verdict, but you should
understand that, if there's a hung jury, this case will, in
all likelihood, be retried and there will be twelve citi-
zens of Ontonagon County who will be called to sit as
jurors, to hear the evidence and have this matter
submitted to them. And, while I am not directing you
that any of you need to change your minds from any
position that you presently have, because that's not my
function—and it is your function to render a verdict
which you honestly believe in. The fact is that, if we
bring twelve more people in here, they're not going to
be any more intelligent or any more capable jurors
than you people are, and if there is any way of resolv-
ing this matter—one way or the other—it ought to be
done.

"Now, I want it understood that I am not compelling
you to arrive at a verdict, but I am suggesting to you
that—as reasonable people, you've heard the evidence,

and you've heard the law as it applies to this case—if it can be resolved, it should be resolved. The inconvenience and so forth to all the parties involved in trying this case once, and retrying it a second time—If there's no way that you can arrive at a verdict, then that's what you should report—that you've got a hung verdict —a hung jury, but I would simply suggest to you that the twelve of you aren't any different than the next twelve people that we may bring in for a jury, so that if there is any way of your resolving this, the Court is desirous of having you do so, and I would simply like to suggest that you retire to your jury deliberation room, discuss this matter, and if it's possible for you to arrive at a verdict, fine; if it isn't, then let us know that it's a hung jury and we'll call you back in here, and make the necessary disposition. But I would like you to simply understand that each of you are just as capable as the next twelve citizens of determining this issue, and I would like to have you simply consider the matter, and there is nothing compulsive about any member of the jury changing their verdict, but I do want you to do as much as you can to arrive at what you consider to be an honest verdict. If you can't do that, why, then there will be some other disposition made. But I would like to have you go back in, and attempt to arrive at some decision. If you can't arrive at it within a reasonable time, why, advise the Court that you can't and we'll have you back out here, and dispose of the matter."

Subsequent to the rendering of the instruction the jury returned a verdict of guilty. Defendant contends that the rendering of the instruction constitutes reversible error.

This issue requires our revisitation of *People v Sullivan,* 392 Mich 324; 220 NW2d 441 (1974). In *Sullivan,* this Court thoroughly discussed the subject of supplemental *Allen*[4] charges of the nature

---

[4] The popular denomination "*Allen* charge" is derived from the approval of a charge of the substantive nature here treated by the United States Supreme Court in *Allen v United States,* 164 US 492; 17 S Ct 154; 41 L Ed 528 (1896). *See Sullivan, supra,* 330.

present in this case and prospectively adopted ABA jury standard 5.4 to cover the circumstance of supplemental *Allen* charging arising after decision in *Sullivan.* With respect to cases such as the present, involving the propriety of pre-*Sullivan* supplemental instruction, the Court by its analysis indicated that the presence or absence of coercion would be determined on a case-by-case basis. In *Sullivan,* the Court did not find the supplemental charge given coercive, commenting:

"Concluding from the standards generally approved by both Federal and state courts and by Michigan precedent, we cannot find the supplemental charge given herein coercive per se. Nor can we objectively say that it was applied coercively in this case or resulted in a coerced verdict. In fact, the great care insured by the trial judge and the extensive thought evidenced by the jury in asking for re-instructions as to particular verdicts produced a verdict quite appropriate to the admitted facts. The totality of this long trial based upon the state of the law at that time precludes any finding of error by the judge or deprivation of constitutional rights of the defendant." *supra,* 341–342.

Reviewing the instruction rendered in this case we note that the trial court expressed concern that the individual jurors not "compulsively" abdicate individual judgment in favor of unanimity but rather bring in a verdict based upon "honest belief" cognizant of the need for dispositional unanimity. We are convinced that, given the background of pre-*Sullivan* Michigan law, the instruction in this case was not so inherently coercive as to mandate reversal. *Sullivan, supra.* See, also, MCLA 769.26; MSA 28.1096.

VI

Defendant alleges that he was denied effective

assistance of trial counsel. His contention is principally[5] based upon the assertion that court-appointed counsel did not produce at trial a witness, Harry Thompson, whose testimony, it is argued, might have indicated that the money which defendant is charged with taking from complainant was in fact given by complainant to Thompson for the purpose of purchasing liquor. Defendant argues that Thompson's testimony *"could* have corroborated the defendant's story"—presumably supporting his denial of robbery. In other words, ineffective assistance of trial counsel may have resulted in defendant's conviction.

As part of the record before us there is the transcript of a post-trial hearing on defendant's motion for a new trial at which defendant's court-appointed counsel, under questioning by defendant's present appellate counsel, recites the facts regarding his failure to contact Harry Thompson and utilize him as a witness. The testimony of trial counsel on this record indicates that the failure to call Thompson was accomplished with defendant's knowledgeable concurrence. Moreover, the record, while exploring the knowledge of defendant's trial counsel respecting witness Harry Thompson, does not indicate the significance of Harry Thompson's testimony to defendant's cause.[6] In short, given the present record, we have no commodity to weigh upon the scales of justice—no capability of assessing the gravity of the asserted error of counsel.

---

[5] Defendant asserts that his trial counsel made other errors—failure to object to instructions, to request instruction on lesser included offenses, and to request transfer of the case to probate court—which buttress his claim that his representation by trial counsel was constitutionally defective. We do not, however, regard these asserted errors as compelling indicia of representation violative of due process, given the record before us.

[6] Would Harry Thompson's testimony have assisted defendant's cause? We are unable to premise disposition upon an unsupported assumption of prejudice made by defendant after the fact of conviction.

The present record does not permit determination of whether trial counsel's failure to call Harry Thompson as a defense witness is sufficient to warrant a new trial. The people point out, and we agree, that defendant must demonstrate the gravity of alleged error before appellate or other relief may be granted. Cognizant that ineffective assistance of trial counsel conceivably could have resulted in defendant's conviction, we hesitate to lightly dismiss defendant's contention. In our view the appropriate remedy in this instance is remand for an evidentiary hearing in the trial court for presentation of defendant's proofs[7] and decision on whether or not there was such ineffective assistance of trial counsel as to entitle defendant to a new trial. *People v Ginther,* 390 Mich 436, 443–445; 212 NW2d 922 (1973); and *People v Dallas Craig Brown,* 393 Mich 756; 223 NW2d 293 (1974).

Affirmed and remanded to the trial court for proceedings in accordance with VI hereof. This Court does not retain jurisdiction.

T. G. KAVANAGH, C. J., and WILLIAMS and LEVIN, JJ., concurred with FITZGERALD, J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.

M. S. COLEMAN, J. *(concurring in part; dissenting in part).* I concur with the majority opinion with the exception of VI concerning the fact that one

---

[7] These proofs should address the prejudice to the defense resulting from failure to present Harry Thompson as a witness and in this respect will likely require examination of witness Harry Thompson to establish the nature of his testimony. The proofs should also address the question of whether non-production of witness Thompson was reasonably attributable to defendant's informed exercise of a client's prerogative or to a lack of diligence and competence on the part of trial counsel.

Harry Thompson was not present to testify at trial.

Although it appears that defendant and his counsel had decided at trial not to call Mr. Thompson, the circuit judge heard a motion for a new trial at which time appellate counsel, different from trial counsel, took testimony regarding the same omission. In neither case did counsel see fit to produce Mr. Thompson.

Primarily because a hearing was held and testimony taken post trial concerning the same issue, I do not think it appropriate to remand for still another post-trial hearing on the subject.