PEOPLE *v* HARPER

1. CRIMINAL LAW—EVIDENCE—OTHER CRIMINAL ACTS—SCHEME OR PLAN.

> Testimony showing that the defendant, charged with the sale of narcotics, participated in other illegal sales of narcotics was properly admitted as tending to show a scheme, plan or system (MCLA 768.27).

2. CRIMINAL LAW—EVIDENCE—LIMITING INSTRUCTIONS.

> A trial judge need not *sua sponte* instruct the jury regarding the limited purpose for which evidence tending to show a defendant's scheme, plan, or system of operation in committing the crime charged has been admitted.

3. CRIMINAL LAW—EVIDENCE—FAILURE TO OBJECT.

> Defendant could not object for the first time on appeal to the failure of the prosecutor to play several tape recordings of telephone conversations between codefendant and an undercover agent where the codefendant objected to the use of the tapes, the prosecutor withdrew the tapes, defendant's counsel did not object, did not seek to have the tapes played for the jury, and informed the jury, in closing argument, that the tapes contained nothing to incriminate his client.

4. CRIMINAL LAW—REASONABLE DOUBT—INSTRUCTIONS TO JURY.

> Instructing the jury that a reasonable doubt can be founded on a lack of testimony does not constitute an improper reference to a defendant's failure to testify.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 326.
[3] 5 Am Jur 2d, Appeal and Error § 545.
[4] 21 Am Jur 2d, Criminal Law § 356.
[5, 10] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 47.
[6] 21 Am Jur 2d, Criminal Law § 592.
[7] 41 Am Jur 2d, Indictments and Informations § 301.
[8] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 43.
[9] 30 Am Jur 2d, Evidence § 1082.

5. POISONS—NARCOTICS—ILLEGAL SALE—ACCESSORY—EVIDENCE.

Evidence was sufficient to support defendant's conviction of aiding and abetting an illegal sale of narcotics where defendant, at the instruction of his codefendant who was negotiating about the price of hashish, got a pipe so the buyers could try the hashish, filled it with hashish, offered the pipe to the buyers, telling them to try it and extolled the virtues and quality of the offered drug—a sales pitch designed to sell that particular hashish.

6. CRIMINAL LAW — SENTENCES — LIFE SENTENCE — MINIMUM SENTENCE.

A sentence of 20 years to life is invalid under the statute prohibiting the imposition of a sentence in which the maximum penalty is life imprisonment with a minimum for a term of years included in the same sentence (MCLA 769.9).

7. INDICTMENT AND INFORMATION—MAGISTRATE'S RETURN—VARIANCE.

A codefendant's conviction would not be reversed because of a variance between the complaint, the magistrate's return and the information where no objection to the variance was raised in the trial court until after the jury had been sworn (MCLA 767.76).

8. POISONS—NARCOTICS—ENTRAPMENT—OFFER TO PURCHASE.

A mere offer to purchase drugs by police agents does not constitute entrapment.

9. CRIMINAL LAW—EVIDENCE—INCONSISTENT TESTIMONY—ADMISSIBILITY—CREDIBILITY.

An item of evidence is not inadmissible because a police officer's testimony at trial concerning the evidence is inconsistent with his testimony at the preliminary examination; the inconsistency affects credibility, not admissibility.

10. POISONS—NARCOTICS—SALE—PASSAGE OF TITLE.

Passage of title to narcotics is not necessary to sustain a conviction of sale; an offer of sale is sufficient.

Appeals from Macomb, James E. Spier, J. Submitted Division 2 February 1, 1972 at Lansing. (Docket Nos. 9549, 9552, 10153.) Decided March 21, 1972.

David Harper was convicted of illegal sales of narcotics. Burton F. Fecteau was convicted of aid-

ing and abetting the sales. Defendants appeal. Affirmed as to defendant Harper; remanded for resentencing as to defendant Fecteau.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*H. Arthur Feldman,* for defendant Harper on appeal.

*Frank J. Starkey,* for defendant Fecteau on appeal.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

DANHOF, J. We are confronted with three appeals from convictions of sale of narcotics. MCLA 335.152; MSA 18.1122. No 9549 is defendant Harper's appeal from a conviction after he was tried jointly with defendant Fecteau. No. 9552 is Fecteau's appeal from this same proceeding. In both these cases we affirm. However, No 9552 must be remanded for resentencing. No 10153 is Harper's appeal of a separate conviction for the same offense. In this case the judgment and sentence are affirmed.

I

We deal first with Fecteau's conviction. He contends that the trial court erred in allowing testimony that tended to show that he participated in other sales of narcotics. This testimony was properly

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

admitted under MCLA 768.27; MSA 28.1050 as tending to show a scheme, plan, or system. *People v Anderson,* 13 Mich App 247 (1968); *People v Plummer,* 189 Mich 415 (1915).

The defendant further contends that if the testimony was properly admitted, the trial court erred in not, *sua sponte,* instructing the jury regarding the limited purpose for which it was received. There is a good deal of confusion on this question. There are several cases that indicate that the instruction must be given even in the absence of a request. *People v Kelly,* 26 Mich App 148 (1970); *People v Camel,* 11 Mich App 219 (1968); *People v Shaw,* 9 Mich App 558 (1968); *People v Askar,* 8 Mich App 95 (1967). On the other hand there are cases which indicate that the instruction need not be given unless requested. *People v Nawrocki,* 376 Mich 252 (1965); *People v Albert White,* 27 Mich App 432 (1970); *People v Stevens,* 25 Mich App 181 (1970); *People v Anderson, supra.* We refuse to follow the first group of cases and we adhere to the rule stated in the second group.

Our reasons for holding that the instruction need not be given unless requested are twofold. First, *Nawrocki* was decided by the Supreme Court, and it and *Anderson* were recently cited by that Court with approval. *People v Kelly,* 386 Mich 330 (1971).[1] The principle that we are bound by the decisions of the Supreme Court needs no elaboration here. Normally we would be content simply to rest our decision on this ground. However, in view of the confusion surrounding this subject we will discuss our second reason which is that we believe that the better reasoning supports the holding of *Nawrocki, supra.*

---

[1] Even if *Kelly* were to be construed as changing the law we believe that it should be given prospective effect only. See *People v McPherson,* 38 Mich App 534 (1972).

Holding that the instruction need not be given unless requested is in accord with the general rule that an appellant may not assign as error the giving or failure to give an instruction unless he has objected below. GCR 1963, 516.2. There is, of course, a very limited group of instructions that must be given even in the absence of a request. A trial court is required, in all cases, to instruct on the elements of the offense and the burden of proof. The instruction with which we deal in this case is not part of this group.

The situation faced by trial counsel here is much the same as the one faced when evidence of a defendant's prior convictions have been introduced, or when prior inconsistent statements have been used. Counsel may wish a limiting instruction, or he may feel that the instruction would merely emphasize the prejudicial matter. In most cases the choice is left to the defendant. The same should be done here.

In a situation of this type where some trial lawyers would not want an instruction it would be particularly inappropriate to require the court to so instruct the jury in the absence of a request. Trial judges are very busy people and the very best of them will sometimes forget to give an instruction. When this occurs, and with regard to this instruction our experience indicates that it will occur often, defense counsel would have the best of all possible worlds. He can sit back and as a matter of deliberate strategy allow the case to go to the jury without the instruction, then if the jury verdict is unfavorable reversible error has been committed and counsel has a second chance.

Under MCLA 768.29; MSA 28.1052 the trial court has the duty to instruct as to the law applicable to the case. The court may, in the exercise of its dis-

cretion, give a correct instruction on a point of law in an effort to fully protect the rights of the defendant when no request has been made. See *People v Lockhart,* 242 Mich 491 (1928). This is to be distinguished from the type of instruction that is so basic that it must be given in all cases. It is also possible that on the particular facts of a given case an instruction is so important that it must be given even though ordinarily it would not be error to fail to give the instruction.

When the court decides whether or not to admit the evidence it must weigh the potential prejudice against its probative value. There are many cases where both the prejudice and the probative value are great. In such cases the court may wish to admit the evidence and, *sua sponte,* instruct regarding its limited use. However, this is discretionary and an appellate court should be slow to substitute its judgment for that of the trial court. The considerations that govern the exercise of this discretion are particularly within the knowledge of the trial court. Such things as the physical appearance of the defendant, the nature of the community, and even the tone of voice used in asking or answering a question may have a bearing on this issue. Things such as these are beyond our knowledge and we should be reluctant to second-guess the trial court. The most recent pronouncement of the Supreme Court on this issue is *People v Kelly,* 386 Mich 330 (1971). In *Kelly* the Supreme Court indicated approval of the general rule that the instruction need not be given in an absence of a request. The Court then indicated that on the facts of that case the trial court had acted properly in *sua sponte* giving the instruction. *Kelly* provides an illustration of one of the factors that may prompt the court to give the instruction. *Kelly* was a rather bizarre rape case

and courts have long recognized that evidence of this sort can be highly inflammatory.

Defendant Fecteau's second issue involves the use that was made of several tape recordings. The prosecutor produced the tapes and they were admitted into evidence without objection. Later the prosecutor moved to have the tapes played for the jury. Defendant Fecteau's trial counsel, who is not his appellate counsel, did not object, however, defendant Harper's counsel did object and the prosecutor then withdrew the motion. At no time did Fecteau's counsel object or seek to have the tapes played. Then on closing argument defense counsel informed the jury that he had heard the tapes and he assured the jury that they contained nothing that would incriminate his client. He also argued that if the jury could hear the tapes they would agree with him. The impropriety here is obvious. However, it is not an error about which the defendant can complain.

Defendant Fecteau also contends the trial court erred in giving the following instruction:

"When we say you must be satisfied beyond a reasonable doubt we mean the burden is on the state to satisfy you by a doubt which is beyond any doubt which you would give for your more serious affairs of everyday life, a doubt for which you can give a reason for entertaining, founded on testimony or lack of testimony."

The defendant contends that telling the jury that a reasonable doubt can be founded on a lack of testimony is an improper reference to his failure to testify. The trial court's statement of the law is manifestly correct and the defendant's contention is without merit.

Defendant Fecteau contends that the trial court's instructions on entrapment somehow shifted the

burden of proof to him. When the instructions are read in their entirety it can be seen that this contention is lacking in merit.

Defendant Fecteau was charged as an aider and abettor and he now contends that there was not sufficient evidence to support a finding that he was such. He argues that it is necessary that there be evidence that would show that he induced the commission of a crime citing *People* v *Washburn,* 285 Mich 119 (1938). The defendant's conception of aiding and abetting is both unduly restrictive and a misconstruction of *Washburn.* The import of *Washburn* is that one may be held as a principal if he gave advice or encouragement that induced a crime. *Washburn* does not limit liability to that situation.

In *United States* v *Peoni,* 100 F2d 401, 402 (CA2, 1938), the Court discussed various definitions of aiding and abetting and, speaking through Judge Learned Hand, concluded:

"They all demand that he in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed."

In *Alexander* v *Commonwealth,* 285 Ky 233, 238–239; 147 SW2d 401, 404 (1941), the Court defined an aider and abettor:

"An aider and abettor is one who helps another to commit an act with the intention and purpose of rendering such help to him and with the knowledge on his part (implied or actual) that the one whom he aids and helps contemplates the commission of the act, the doing of which the aider and abettor not only consents to but also encourages, councils [*sic*] or assists in the doing of it."

In *People* v *Cooper,* 326 Mich 514, 522 (1950), the controlling opinion used the following definition of aiding and abetting:

"Aiding and abetting has a broader application. It makes a defendant a principal when he consciously shares in any criminal act whether or not there is a conspiracy."

In this case there was sufficient evidence to support a finding that Fecteau aided and abetted the sale. There was testimony that indicated that Fecteau was present at the time of the sale. The sale was made to two undercover police officers. The officers and defendant Harper were haggling over the price to be paid for a pound of hashish. Harper suggested that the officers smoke some of the hashish so they could determine its quality. He then directed Fecteau to get a pipe. Fecteau got the pipe and filled it with hashish. Fecteau offered the pipe to the officers and told them that they should try it. He referred to it as good, heavy, really bombed, really heavy, and heavy hash. The officers continued to haggle over price and Fecteau again extolled the virtues of the hashish.

Fecteau's actions constitute aiding and abetting. The physical aid coupled with the sales talk are surely sufficient. This was no abstract dissertation on the virtues of hashish. It was a sales pitch designed to sell the particular hashish in question.

Defendant Fecteau contends that his sentence constituted cruel and unusual punishment. For the reasons given in *People* v *Albert White,* 27 Mich App 432 (1970) this is lacking in merit.

The defendant was sentenced to a term of 20 years to life and he now contends that this sentence was erroneous. This contention has merit, and the cause must be remanded for resentencing. MCLA 769.9; MSA 28.1081 provides in part:

"In no case can a valid sentence be hereafter made in which the maximum penalty shall be life imprisonment with a minimum for a term of years included in the same sentence."

The sentence imposed is invalid and the cause is remanded for resentencing.

## II

We now turn to defendant Harper's appeal in No 9549. Harper contends that a reversal is required because of an alleged variance between the complaint and magistrate's return and the information. No objection was raised in the trial court until after the jury had been sworn. MCLA 767.76; MSA 28.1016 provides in part:

"nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its discretion permit."

The defendant contends that it was improper to make reference to a phone conversation between himself and a police officer, because it was not established that he was actually the party on the phone. The police officer was familiar with Harper's voice and he testified that it was Harper on the phone.

The defendant contends that the defense of entrapment was established because the police officers asked him to sell them some hashish. A mere offer to purchase drugs does not constitute entrapment. *People* v *Ovalle,* 10 Mich App 540 (1968).

The defendant contends that an item of evidence should not have been admitted because of an inconsistency between a police officer's testimony and

the same officer's testimony at the preliminary examination. This fact goes to credibility not to admissibility.

The defendant contends that the prosecution must make all *res gestae* witnesses available for cross-examination at the preliminary examination. This is not the law.

The defendant contends that there was no sale because title to the hashish did not pass. Passage of title is not required, an offer of sale is sufficient. MCLA 335.51(10); MSA 18.1071(10).

The defendant contends that he was not given sufficient opportunity to cross-examine a witness. This contention is not supported by the record.

### III

We turn now to defendant Harper's appeal in No 10153. Harper, who was serving another sentence in Jackson prison, argues that there was a delay in returning him to Macomb County for trial and that he was prejudiced by this delay. Defendant's trial counsel sought to have him returned to Macomb County a week before trial. A writ was prepared but for some reason the defendant was not returned until the day before trial. If the defendant was prejudiced, and the record does not show that he was, the prejudice could have been obviated by a motion for a continuance. No motion was made.

Defendant's remaining issues are either substantially the same as issues discussed elsewhere in this opinion or they do not merit discussion.

The convictions in all three cases are affirmed. No 9552 is remanded to the trial court for resentencing.

All concurred.