PEOPLE v SPENCER

PEOPLE v NASH

1. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION.

Defendants did not properly preserve for appellate review the issue of the constitutionality of the criminal statute under which they were charged where defense counsel made no such argument before the trial court, where no objection was made to proceedings below, and where the record does not demonstrate a clear and manifest injustice.

2. CRIMINAL LAW—WITNESSES—PRIOR CONVICTIONS—COURTS—JUDICIAL DISCRETION.

A trial court properly advised defendants that if they testify in their own defense "generally speaking the prosecutor has the right to examine you on the facts of the case, as well as any criminal record that you might have since you have become age 17" because although recent cases have greatly restricted the use of prior convictions for impeachment purposes, it is still true that the trial court has great discretion in admitting such evidence.

3. ATTORNEY AND CLIENT—CRIMINAL LAW—JOINT REPRESENTATION—PREJUDICE.

Failure to appoint separate attorneys for indigent codefendants is not inherent error; joint representation becomes improper only when the interests of one defendant so conflict with the interests of another defendant that prejudice results from the joint representation.

4. ATTORNEY AND CLIENT—CRIMINAL LAW—JOINT REPRESENTATION—EFFECTIVE COUNSEL—CONFLICT OF INTEREST.

There was no denial of the effective assistance of counsel due to

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 29 Am Jur 2d, Evidence § 320 *et seq.*
[3–4] 7 Am Jur 2d, Attorneys at Law §§ 154–159.
[5] 66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 19–31.

the fact that two indigent codefendants were both represented by the same appointed attorney where both defendants claimed the same knowledge and pleaded the same defense, and where there was no conflict of interest and no apparent prejudice; the existence of a conflict of interest, to warrant a reversal of conviction, must be founded on something more than mere speculation or surmise.

5. RECEIVING STOLEN GOODS—CRIMINAL LAW—EVIDENCE—SUFFI-
   CIENCY OF EVIDENCE.

   Evidence produced at trial was sufficient to sustain a conviction for concealing stolen property where it was shown that defendants came to an apartment which had been burglarized shortly after the incident, announced that they knew the whereabouts of the stolen property and could help return it, demanded cash payment before they would return the goods, and in fact returned the property early the next morning only after holding two gold watches overnight as collateral from the owner of the property until he could pay them $50 in cash.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 April 9, 1975, at Grand Rapids. (Docket No. 20159.) Decided May 29, 1975.

Melvin W. Spencer and Wendell J. Nash were convicted of concealing stolen property. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston III,* Chief Appellate Attorney, and *Craig S. Neckers,* Assistant Prosecuting Attorney, for the people.

*Murphy, Neff, Burns, & McInerney,* for defendants.

Before: T. M. BURNS, P. J., and McGREGOR and D. F. WALSH, JJ.

T. M. BURNS, P. J. Defendants Melvin William Spencer and Wendell James Nash were charged

with concealing stolen property contrary to MCLA 750.535; MSA 28.803, as amended by 1974 PA 55. They were tried before a jury on January 30, 1974, and found guilty as charged. On March 25, 1974, they were sentenced to 18 months to 15 years in prison. They now appeal as of right.

On the evening of October 18, 1973, the apartment of three Grand Rapids college students was burglarized. One of the students, Kenneth Huizenga, was at home at the time and frightened the burglars off, but not before they escaped with a television set and some stereo equipment. Shortly thereafter defendants and two others came to the door of the apartment and told Huizenga that they knew the whereabouts of the stereo equipment and could help return it. The goods were in fact returned early the next morning.

The major factual dispute at trial centered around whether the defendants returned the stolen goods and were given a reward, as defendants claim, or whether the defendants demanded either marijuana or a cash payment before they would return the goods, as the students claim. Both sides acknowledge that the owner of the stereo equipment, David Den Boer, drove to several locations in the middle of the night attempting to cash a check for $50, that he was unable to do so, and that the defendants were given two watches to hold as collateral until the $50 could be paid. The watches were returned the next day and the money was paid.

On appeal defendants first contend that MCLA 750.535; MSA 28.803, is unconstitutionally vague because the maximum sentence for commission of the crime is dependent upon the manner in which the goods were stolen rather than upon any acts of the defendants. This argument is not properly

before this Court. Defense counsel made no such argument before the trial court. Due to this fact and since no objections were made to the proceedings below on this question of the constitutionality of the statute, we find that defendants have not preserved this issue for appellate review. *People v Watkins,* 54 Mich App 576, 581; 221 NW2d 437 (1974), *People v Bennett,* 52 Mich App 742, 750; 218 NW2d 407 (1974). Also, "the record herein does not demonstrate [a clear and manifest] injustice". *People v Ray Clifton Smith,* 20 Mich App 243, 245; 174 NW2d 22 (1969).

Defendants next argue that reversible error occurred because the trial court failed to properly advise them of the consequences of testifying in their own defense. We disagree. The trial court told the defendants that if they took the stand, "generally speaking the prosecutor has the right to examine you on the facts of the case, as well as any criminal record that you might have since you have become age 17". Although defendants correctly point out that recent cases have greatly restricted the use of prior convictions for impeachment purposes, nevertheless it is still true that the trial court has great discretion in admitting such evidence. Therefore, it was not erroneous for the trial court to suggest that "generally speaking" such evidence is admissible. See *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

Defendants next claim that they were denied effective assistance of counsel due to the fact that they were both represented by the same appointed attorney.

We note at the outset that no objection to the joint representation was made by either defendant at any time prior to this appeal. Furthermore,

counsel was appointed for both defendants, thus eliminating the possibility of any conflict between a paying client and an indigent client. Finally, defense counsel did not make any argument or present any defense which was designed to benefit one defendant at the expense of the other.

The law is well established that failure to appoint separate attorneys for indigent codefendants is not inherent error and that joint representation becomes improper only when the interests of one defendant so conflict with the interests of another defendant that prejudice results from the joint representation. *People v Marshall,* 53 Mich App 181, 189–190; 218 NW2d 847 (1974), *People v Hilton,* 26 Mich App 274; 182 NW2d 29 (1970), *People v Dockery,* 20 Mich App 201; 173 NW2d 726 (1969), *Fryar v United States,* 404 F2d 1071, 1073 (CA 10, 1968), *Glasser v United States,* 315 US 60; 62 S Ct 457; 86 L Ed 680 (1942).

In the case at bar, defendants' claim of prejudice due to a conflict of interest is not supported by the record. Here both defendants claimed the same knowledge and pleaded the same defense. There was no conflict of interest and no apparent prejudice. "The existence of a conflict of interest, to warrant the result here sought [reversal], must be founded on something more than mere speculation or surmise." *United States v Gallagher,* 437 F2d 1191, 1194 (CA 7, 1971), *cert den* 402 US 1009; 91 S Ct 2190; 29 L Ed 2d 430 (1971). Having found no prejudice in the instant case, we conclude that the defendants were not denied the effective assistance of counsel.

Finally, defendants maintain that the evidence produced at trial was insufficient to sustain a conviction for the offense charged. We disagree. There was sufficient evidence produced at trial to

support the theory that the defendants returned goods, which they knew to be stolen, to the scene of the theft but refused to return possession to the rightful owner until a payment had been made for the goods. Such conduct is proscribed by the statute, and ample evidence was presented to support each element of the offense. *People v Keshishian,* 45 Mich App 51; 205 NW2d 818 (1973), *People v Tantenella,* 212 Mich 614; 180 NW 474 (1920).

For the reasons stated herein, we affirm the verdict of the jury.