PEOPLE v PENN

1. APPEAL AND ERROR—STATUTES—CONSTITUTIONAL LAW—PRESERV-
   ING ISSUE.

   The issue of the constitutionality of a statute is not preserved for
   appellate review where no objections are made at trial and
   where there is no clear and manifest injustice.

2. CONSTITUTIONAL LAW—STATUTES—VAGUENESS—FIRST AMEND-
   MENT.

   A vagueness challenge to the constitutionality of a statute must
   be examined in light of the case at hand where First Amend-
   ment freedoms are not involved.

3. CRIMINAL LAW—STATUTES—GROSS INDECENCY—ADEQUATE FORE-
   WARNINGS—FORCED ORAL SEX.

   A defendant jail inmate, who allegedly forced another inmate to
   engage in oral sex by beating him with homemade whips, was
   forewarned by the gross indecency statute that the charged
   conduct was subject to prosecution (MCLA 750.338; MSA
   28.570).

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[2, 5–7] 73 Am Jur 2d, Statutes § 346.
[3, 4, 7] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 2.
　60 Am Jur 2d, Penal and Correctional Institutions § 23.
　Liability of prison authorities for injury to prisoner directly caused
　　by assault by other prisoner. 41 ALR3d 1021.
[8] 41 Am Jur 2d, Indictments and Informations §§ 55, 56, 156.
[9] 4 Am Jur 2d, Appeal and Error § 491.
[10] 21 Am Jur 2d, Criminal Law § 315.
　Incompetency of counsel chosen by accused as affecting validity of
　　conviction. 74 ALR2d 1390.
[11] 21 Am Jur 2d, Criminal Law § 119.
[12–14] 75 Am Jur 2d, Trial § 925.
[13, 14] 75 Am Jur 2d, Trial §§ 713, 715.
　Duty in instructing jury in criminal prosecution to explain and
　　define offense charged. 169 ALR 315.
[15] 75 Am Jur 2d, Trial § 573 *et seq.*

4. CRIMINAL LAW—GROSS INDECENCY—PROHIBITED SEXUAL ACTS—
   STATUTES.

   The gross indecency statute prohibits oral and manual sexual
   acts committed without consent, or with a person under the age
   of consent, and any ultimate sexual act committed in public
   (MCLA 750.338; MSA 28.570).

5. CRIMINAL LAW—STATUTES—CONSTITUTIONAL LAW—OVERBREADTH.

   A criminal statute which by its terms covers innocent as well as
   criminal conduct is constitutionally deficient.

6. CRIMINAL LAW—STATUTES—GROSS INDECENCY.

   The statute prohibiting gross indecency between males is not so
   broad as to be constitutionally infirm (MCLA 750.338; MSA
   28.570).

7. CRIMINAL LAW—GROSS INDECENCY—STATUTES—RIGHT OF PRIVACY.

   A statute which prohibits gross indecency between males does not
   infringe upon a defendant's right to privacy, particularly where
   the charged conduct was not consensual and involved the use of
   force.

8. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES.

   Accomplices are not res gestae witnesses for purposes of indorse-
   ment on the information.

9. APPEAL AND ERROR—RECORD ON APPEAL—AFFIDAVITS.

   The Court of Appeals will disregard affidavits submitted on
   appeal where the affidavits are not part of the record.

10. CRIMINAL LAW—ASSISTANCE OF COUNSEL.

    Every defendant has the right to the effective assistance of
    counsel; however, because there was a difference of opinion as
    to trial tactics between a defendant and his counsel does not
    mean there was ineffective assistance of counsel.

11. CRIMINAL LAW—AIDING AND ABETTING.

    Aiding and abetting makes a defendant a principal when he
    shares in any criminal act; knowledge of the principal's crimi-
    nal purpose and a conscious sharing of the act are necessary.

12. CRIMINAL LAW—INSTRUCTIONS TO JURY.

    Instructions to the jury must be viewed as a whole to determine
    if they are acceptable.

13. CRIMINAL LAW—INTENT—INSTRUCTIONS TO JURY.

    Failure to instruct the jury as to intent in a criminal case is

generally not reversible error where the charge as a whole does not mislead the jury.

14. CRIMINAL LAW—AIDING AND ABETTING—INSTRUCTIONS TO JURY.

Failure to instruct the jury that there must be a conscious sharing of the criminal act was not reversible error where the essence of the requirements of the aiding and abetting statute was given to the jury and no manifest injustice resulted (MCLA 767.39; MSA 28.979).

15. TRIAL—JUDGES—DUTY—INSTRUCTIONS TO JURY.

A trial judge has the duty to instruct the jury in a clear and intelligent manner, imparting a proper understanding of what it is to decide and the law applicable to the facts.

Appeal from St. Joseph, Robert E. A. Boyle, J. Submitted June 1, 1976, at Grand Rapids. (Docket No. 23048.) Decided August 23, 1976.

Daniel L. Penn was convicted of gross indecency between males. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James Noecker,* Prosecuting Attorney, for the people.

*Francis Zebot,* Assistant State Appellate Defender, and *Kim Fawcett,* Research Attorney, for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

D. E. HOLBROOK, J. Defendant Daniel Lee Penn and his codefendant Jeffery Clark Lock were convicted by a jury on October 23, 1974, of gross indecency between males. MCLA 750.338; MSA 28.570. On November 12, 1974, defendant was sentenced to a term of from 3 to 5 years in prison.

This matter arose out of certain alleged events

---

* Circuit judge, sitting on the Court of Appeals by assignment.

occurring on Monday, June 17, 1974, involving some of the inmates of Cell B in the St. Joseph County Jail. At the time, there were six men held in Cell B, defendant Daniel Lee Penn, codefendant Jeffrey Lock, prosecution witnesses Arthur Waters and Alvin Wooster, and two remaining inmates, Steven Boals[1] and Al Halferty. Neither Boals nor Halferty were indorsed on the information or produced at trial. Testimony at trial indicated that defendant Penn and codefendant Lock forced Waters to perform fellatio upon Lock and Boals. There was testimony indicating that whips had been made from shreds of bedsheets and employed to coerce Waters into performing these sexual acts. It was not contended at trial that defendant Penn had actually engaged in these sexual acts with Waters. The prosecution based its case on the theory that Penn had forced Waters to commit these acts, had stood guard while they were performed, and testimony was given that Waters was later to engage in this sexual act with Penn, but that the act had been prevented because of outside factors. Defendant and codefendant Lock denied that the acts occurred and denied making whips and beating Waters.

On appeal defendant challenges the constitutionality of the statute. Defendant also raises several procedural errors arising during the trial. We will first address the constitutional questions.

I

We note at the outset that Penn is challenging MCLA 750.338; MSA 28.570, which only applies to acts of gross indecency between males. We also observe that a challenge to the constitutionality of

---

[1] Steven Boals was apparently tried separately.

the statute was not raised below. Since no objections were made in the proceedings below on this question of the constitutionality of the statute, the issue is not preserved for appellate review in the absence of clear and manifest injustice. *People v Spencer,* 61 Mich App 392, 395; 232 NW2d 413, 414 (1975). We rule defendant's challenge to the constitutionality of this statute is so without substance as to illustrate no clear and manifest injustice, particularly in light of the Supreme Court's decision in *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976). However, we feel that for proper guidance in future cases a discussion of the constitutional issue is appropriate.

In *People v Howell,* the Court considered several of the claims made in the instant case. The Court considered whether the statute was void for vagueness because it did not provide fair notice of the criminality of the conduct. In the instant case, the prosecution maintained that the defendant had forced Waters to engage in acts of oral sex by beating Waters with homemade whips. The sole defense was that these acts did not occur. Although the jury was not required to find that force was used[2] the record is more than adequate to find such force. The defendant below failed to object or request instructions which would have required a finding of force as apparently required by *Howell,*

---

[2] The jury instruction was as follows:

"Now, it's not necessary for there to be any force or putting in fear involved for there to be a violation of this law. It is sufficient if you find beyond a reasonable doubt if the defendants, or either one of them, committed the act or was a party or aided and abetted someone or each other with Arthur Waters, whether Arthur Waters was a willing participant or was not a willing participant.

"Now, since the defendants deny that it happened at all it doesn't make any difference they deny that it was either voluntary or involuntary."

No objection was made to this instruction. Nevertheless, it does not affect the outcome of this case.

396 Mich at 24; 238 NW2d at 152. In the Court's opinion in *Howell,* the Court noted that a vagueness challenge to statutes which do not involve First Amendment freedoms must be examined in light of the case at hand. *People v Howell* at 21; 238 NW2d at 150, citing *United States v National Dairy Products Corp,* 372 US 29, 36; 83 S Ct 594, 599–600; 9 L Ed 2d 561, 568 (1963). We expressly find that Penn cannot be heard to say that he was not forewarned that the conduct engaged in was subject to prosecution.

Defendant also contends that the statute is vague because it fails to provide ascertainable standards of guilt. We similarly rule that there was no manifest injustice in the instant case in light of *People v Howell, supra.* In Part II of the opinion in *Howell* the Court provides new standards under the gross indecency statute as prohibiting oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public.[3] 396 Mich at 24; 238 NW2d at 152. This apparently overruled this Court's prior decision in *People v Dexter,* 6 Mich App 247, 253; 148 NW2d 915, 918 (1967), which held: "Statutes of the indecent liberties or gross indecency type penalize 'conduct that is of such character that the common sense of society regards it as indecent and improper'."[4] This case was tried in light of *Dexter* and before the decision in *Howell.* Nevertheless,

---

[3] Whether or not these facts would indicate they were committed in private or public need not be decided by us.

[4] Acts of indecency have long been construed by the courts of this state to include acts of forced fellatio and fellatio with a minor. *People v Howell,* 396 Mich 16, 21; 238 NW2d 148, 150 (1976). The Court expressly noted there is no consensus among society regarding fellatio among consenting adults in private and, therefore, this statute according to three Justices shall not be construed to cover such conduct.

the record indicates no manifest injustice. The sexual acts described in the record were forced and without consent, meeting the *Howell* standards. We also note that *Howell* Part II was concurred in by three Justices. We assume the other three Justices participating would adhere to the *Dexter* standard. We feel that the conduct described in this record meets either standard and therefore is not void for vagueness and does not result in manifest injustice.

One final contention made by defendant is that this statute is overbroad and it impinges on the constitutional right of privacy protected by both the Federal and state constitutions. US Const, Am XIV; Const 1963, art 1, § 17.

Defendant contends that this case is similar to *Detroit v Sanchez,* 18 Mich App 399; 171 NW2d 452 (1969), where an over-breadth challenge was upheld, invalidating an ordinance which by its imprecise terminology made innocent as well as culpable conduct criminal. This is based on an analysis such as in *Papachristou v Jacksonville,* 405 US 156; 92 S Ct 839; 31 L Ed 2d 110 (1972), where the Court invalidated a vagrancy ordinance which made criminal the "wandering or strolling around without any lawful purpose or object". We do recognize that a criminal statute which by its terms covers innocent as well as criminal conduct is constitutionally deficient. We feel, however, the subject statute does not sweep so broad as to be constitutionally infirm.

Defendant contends that this statute could punish conduct which is protected by the fundamental right of privacy.

*Griswold v Connecticut,* 381 US 479; 85 S Ct 1678; 14 L Ed 2d 510 (1965), held that a Connecticut law which made the use of contraceptives

criminal was an unconstitutional infringement of the right of marital privacy. *Eisenstadt v Baird,* 405 US 438; 92 S Ct 1029; 31 L Ed 2d 349 (1972), extended the *Griswold* decision to a statute which prohibited dissemination of contraceptives to unmarried persons because it intruded into the "decision whether to bear or beget a child". 405 US at 453; 92 S Ct at 1038; 31 L Ed 2d at 362. In *Roe v Wade,* 410 US 113; 93 S Ct 705; 35 L Ed 2d 147 (1973), *reh den* 410 US 959; 93 S Ct 1409; 35 L Ed 2d 694 (1973), the Court again extended the right of privacy to invalidate certain statutory restrictions on a woman's right to abortion. The question, therefore, becomes whether the gross indecency between males statute could sweep too broadly and infringe upon a fundamental right.

In *People v Holland,* 49 Mich App 76; 211 NW2d 224 (1973), this Court commented on MCLA 750.338b; MSA 28.570(2), which prohibits gross indecency between a male and a female. The Court decided the case on nonconstitutional grounds. The Court did indicate that the statute might be overbroad, *but only because it could act upon the marriage relationship.* 49 Mich App at 78–79; 211 NW2d at 225–226.

We rule that this statute prohibiting gross indecency between males does not contain such an infringement on a fundamental right. *People v Howell, supra,* upheld the statute against the vagueness challenge and apparently gave guidelines for its construction. The United States Supreme Court recently affirmed a three-judge District Court for the Eastern District of Virginia which held similar conduct was not protected by the right of privacy. The District Court drew a distinction between the privacy rights of married couples and the consensual private activities of

homosexuals in upholding a Virginia sodomy statute against a constitutional challenge. The majority held that *Griswold, supra,* was concerned only with government trespass upon the sanctity of home and family life and offered no privacy protection to the plaintiffs. The majority did not see any constitutional barriers which would prevent the state from regulating the activity of homosexuals. *Doe v Commonwealth's Attorney for Richmond,* 403 F Supp 1199 (ED Va, 1975), *aff'd,* 425 US 901; 96 S Ct 2192; 47 L Ed 2d 751 (1976).[5] The conduct described in this record was not consensual and involves the use of force. A constitutional overbreadth challenge in the instant case is of even less merit than that made in *Doe.*[6]

## II

Defendant's first procedural contention is that the prosecutor's failure to indorse and produce Al Halferty constituted reversible error. At trial the following conversation between counsel and bench took place:

"*The Court:* Very well.

---

[5] A recent decision of the Wisconsin Supreme Court has provided us with a guiding analysis. In *State v Driscoll,* 53 Wis 2d 699, 703–704; 193 NW2d 851, 855 (1972), the Court notes:

"While it is permissible under the argument of overbreadth which rests on substantive rather than procedural due-process grounds to raise hypothetical examples of the section's applicability to show that the section deters protected activities, we do not find Driscoll's example persuasive or valid to establish overbreadth. Only a strained construction of the terms 'indecent liberties' or 'indecent use' in sec. 944.11(2) and (3), stats., would give such a sweep as to be censured for overbreadth. The normal and reasonable meaning of the language must be found so broad that its sanctions apply to constitutionally protected conduct which the state is not entitled to regulate before a statute can be faulted for overbreadth. *[State v Starks,* 51 Wis 2d 256, 259–260; 186 NW2d 245 (1971)]".

[6] *Ibid.*

"What about the other, with respect to Halferty, he is in prison and he was a possible defendant, what do you say, Mr. Enix?

*"Mr. Enix (defense attorney):* I understand from the story told that he may not have been.

*"The Court:* May not have been what?

*"Mr. Enix:* Chargeable.

*"The Court:* Well, he can charge him.

*"Mr. Enix:* All right.

*"The Court:* Whether he can be convicted or not is another matter.

*"Mr. Enix:* Yes.

*"The Court:* And he has indicated this situation where he is in the penitentiary.

*"Mr. Enix:* I understand that he is in the penitentiary.

*"The Court:* All right, he has not been indorsed as a witness?

*"Mr. Noecker (prosecuting attorney):* No, he has not.

*"The Court:* Very well, thank you, you may sit down."

We rule there was sufficient evidence showing Halferty to have been an accomplice. There was testimony at trial that he showed others how to make the whips, that he helped or actually adjusted the whips, that he stood in the nude while the acts occurred, purportedly waiting his turn, and that he guarded while the acts occurred. We will not second-guess the prosecutor or the trial court where the record indicates a basis for determination that Halferty was chargeable. It is well-established that accomplices are not res gestae witnesses for purposes of indorsement. *People v Threlkeld,* 47 Mich App 691; 209 NW2d 852 (1973), *People v Szymanski,* 52 Mich App 605; 218 NW2d 95 (1974), *People v Phillips,* 61 Mich App 138; 232 NW2d 333 (1975).

### III

Defendant also claims that he was given ineffective assistance of counsel at trial. We have examined the record and observe that counsel did a credible job. He fully and emphatically cross-examined witnesses and conducted himself in a competent manner. The defense was based on denying that these acts occurred and we note that this defense was forcefully and adequately presented.

Defendant contends that his legal assistance at trial was inadequate because defense counsel failed to call Al Halferty who was present in the cell when these acts occurred. Defendant has submitted affidavits as to what Halferty would testify to. These are not part of the record and we disregard them for purposes of this appeal. *People v Robinson,* 390 Mich 629, 632, fn 1; 213 NW2d 106, 107–108 (1973).

We do recognize the right of every defendant to effective assistance of counsel. *Powell v Alabama,* 287 US 45; 53 S Ct 55; 77 L Ed 158 (1932), *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969). However, a difference of opinion as to trial tactics does not amount to ineffective assistance of counsel. The record, and *arguendo* even considering the non-record affidavit, clearly show that the testimony of Al Halferty was not exculpatory or even of significant aid to the defendant. We do not wish to second-guess trial counsel, for we have none of his knowledge of the existing state of facts *at the time of trial.* Every criminal trial could be subject to some disagreement as to tactics or conduct of defense with the benefit of hindsight. We find that defendant did receive effective representation at trial and a fair trial. *People v Strodder,* 394 Mich 193; 229 NW2d 318 (1975).

## IV

Defendant's final contention is that the instructions to the jury were inadequate with respect to aiding and abetting the commission of gross indecency between males. No objection to the instructions were made at trial and therefore our review of those instructions is limited. *People v Everett,* 27 Mich App 120; 183 NW2d 378 (1970), *People v Dupie,* 395 Mich 483; 236 NW2d 494 (1975).

Michigan's aiding and abetting statute provides that punishment of an aider and abettor will be equivalent with that of the principal. MCLA 767.39; MSA 28.979. The purpose of this statute is to abolish the common law distinction between accessories, principals and aiders and abettors. *People v Palmer,* 392 Mich 370, 378; 220 NW2d 393, 396 (1974), *People v Gould,* 384 Mich 71; 179 NW2d 617 (1970). In *People v Harper,* 39 Mich App 134, 141; 197 NW2d 338, 342 (1972), the Court cited *Alexander v Commonwealth,* 285 Ky 233, 238–239; 147 SW2d 401, 404 (1941), as the source for a definition of aider and abettor.

" 'An aider and abettor is one who helps another to commit an act with the intention and purpose of rendering such help to him and with the knowledge on his part (implied or actual) that the one whom he aids and helps contemplates the commission of the act, the doing of which the aider and abettor not only consents to but also encourages, councils *[sic]* or assists in the doing of it.' "

Aiding and abetting makes a defendant a principal when he shares in any criminal act. *People v Cooper,* 326 Mich 514, 522; 40 NW2d 708, 711 (1950). *Harper, supra,* at 142; 197 NW2d at 342. Knowledge of the principal's criminal purpose and a conscious sharing of the act are necessary. *Peo-*

*ple v Cooper, supra.* Therefore, in the instant case the instructions must be looked at with these prerequisites in mind. The pertinent instructions read as follows:

"The law in Michigan provides under Section 28.979 that every person concerned in the commission of an offense, whether he directly commits it or procures, counsels, aids or abets in its commission, may hereafter be prosecuted, indicted, tried, and on conviction punished as if he had directly committed such offense.

"So, it is for you to determine which, if either, of these defendants either did it directly or did not do it directly, or aided and abetted one or the other or someone else to do it, or did not do it. And that must be established, as I have indicated, beyond a reasonable doubt.

\* \* \*

"Now, as I have indicated to you, and I don't mean to emphasize it, but I want to make it clear to you, the statute provides that any male person who in public or in private commits or is a party to the commission of or procures or attempts to procure the commission by any male person of any act of gross indecency with another male person shall be guilty of a violation of this act.

"And with respect to the law of aiding and abetting, every person concerned in the commission of an offense, whether he directly commits it or procures, counsels, aids or abets in its commission, may be arrested, prosecuted, indicted, tried, and upon conviction punished as if he had directly committed such an offense.

"By virtue of this law of aiding and abetting of persons concerned in the commission of a crime, including those who directly commit it and those who aid, abet, assist, counsel or procure the commission of a crime are all held equally responsible for the crime with those who actually do it."

Although the instructions do not expressly state that there must be a conscious sharing of the

criminal act, we must look to the instructions as a whole to determine if they are acceptable. *People v Charles Jackson,* 21 Mich App 132; 175 NW2d 41 (1970), *People v Fred W Thomas,* 7 Mich App 519; 152 NW2d 166 (1967). Where the charge as a whole does not mislead the jury, failure to instruct as to intent is generally not reversible error. *People v McKeighan,* 205 Mich 367, 373; 171 NW 500, 502 (1919). The basis of this decision has recently been restated by the Supreme Court which held that an instruction given which was not so deficient as to mislead the jury will be upheld. *People v Dupie, supra,* at 489; 236 NW2d at 497.

Here, the essence of the requirements of the aiding and abetting statute was given to the jury and no manifest injustice resulted. We rule the trial judge satisfied his duty of instructing the jury in a clear and intelligent manner imparting a proper understanding of what it was to decide and the law applicable to the facts. *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975).

Affirmed.